## G. W. FOSTER v. C. L. & H. LEVINSON.

Where the answer sets up no plea of want or failure of consideration of the notes sued on, supported by the oath of defendant, as required by the Act of 1839, he is not entitled to a trial by jury.

APPEAL from the District Court of Claiborne, *Drew,* J.

*W. B. Egan,* for plaintiff. *Vaughn,* for defendant and appellant.

VOORHIES, J. This is an action on three promissory notes executed by *Caroline Levinson,* authorized and assisted by her husband, *Henry Levinson,* in favor of the plaintiff and appellee, alleged to have been given, together with another note, since paid, as the price of a certain lot of ground and improvements in the town of Homer, sold by the plaintiff to the defendant, on the 10th of January, 1853, by Act *sous seing privé,* duly recorded in October, 1853. The plaintiff also claims the vendors privilege on the property conveyed, which he prays may be sold to satisfy his demand.

The defendant avers that the obligation, which forms the consideration of the notes sued upon, is conditional. She denies the allegations contained in the plaintiff's petition, and prays for a jury.

The defendant's counsel has called our attention to two bills of exceptions taken by him to the ruling of the Judge *a quo.*

Under the issue presented by the pleadings, we do not think the Judge *a quo* erred in refusing to grant the defendant's prayer for a trial by jury. The answers sets up no plea of want or failure of consideration of the notes, which form the basis of the action, supported by the oath of the defendant, as required by the Act of 1839.

We consider the objection contained in the other bill of exceptions, equally untenable. There is no issue presented by the petition and answer as to the execution or non-execution of the obligations stipulated in the contract of sale between the parties, which formed the consideration of the notes sued upon. It was therefore immaterial, in order to entitle the plaintiff to recover, to prove a performance, and it seems to us, the defendant complains with bad grace of the admission of such proof.

It is objected that the defendant cannot be held liable as a married woman, unless it be shown that the contract enured to her benefit. Had this issue been presented by the pleadings, it would have been entitled to our consideration.

We do not consider the other grounds urged in the brief of the defendant's counsel, applicable to the issues presented by the pleadings.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.